# EXHIBIT B

# CLAIM AGAINST COUNTY OF SAN BERNARDINO
*(CLAIM FORM MUST BE FILLED OUT PROPERLY OR CLAIM WILL BE RETURNED WITHOUT FILING)*



**DATE:** 06/24/2016

Claim is hereby made against the treasury of the County of San Bernardino, State of California, as follows:

- Less than $10,000 – State the total amount claimed $_____
- More than $10,000 – Check one of the boxes:
  ☐ Municipal Court Jurisdiction ($10,000 - $25,000)    ☒ Superior Court Jurisdiction ($25,001 and up)

Claimant makes the following statements in support of the claim:

1. Name of Claimant: Amber | Marie | Wallisa | see attached
   First | Middle | Last | (Area Code and Phone No.)

2. Address of Claimant: see atatched
   Street | City | Zip Code

3. Notices concerning claim should be sent to:
   see atatched
   Name | Address | Zip Code | (Area Code and Phone No.)

4. Circumstances giving rise to claim are as follows:
   see atttched

5. Date, Time and Place (city, street, cross-street) damage occurred and nature thereof:
   see attached

6. Public property and/or public officers or employees causing injury, damage or loss:
   see attached

7. Name, address and telephone number of witnesses:
   see attached

8. Basis of computation of claimed amount is as follows:

   Medical expenses to date _see attached_       Loss wages _see attached_
   Estimated future medical expenses _____     General damages _____
   Other expenses _____                         Property damage _____
   Other damages _____

   _____
   Claimant or Representative (Signature)

**RETURN COMPLETED FORM TO:**
Risk Management Division – County of San Bernardino, State of California
222 W. Hospitality Lane, 3rd Floor
San Bernardino, CA 92415-0016

Office: (909) 386-8631
Fax:   (909) 382-3212

07-8387-286

CONFIDENTIAL DOCUMENT      COSB 000402

**LAW OFFICE OF JOHN L. BURRIS**
7677 Oakport Street Suite 1120 Oakland, Ca. 94621 (510)839-5200 www.johnburrislaw.com

## ATTACHMENT "A - WRONGFUL DEATH CLAIM"

Claimant objects to your Claim Form because it requires information which constitutes an invasion of the Claimant's privacy. Moreover, the information is not required to be provided by the Claimant under California Government Code Section 910. For example, California Government Code Section 910 does not require that the Claimants provide their home and work numbers, driver's license number, date of birth, auto insurance name and policy number, a diagram of the location of the incident, any statements by the Claimants as to their reasons "for believing the City is liable for your damages, "or a description" of all damages which you believe you have incurred as a result of the incident." For the purposes of this document "CLAIMANT" means the individual claimant, claimants plural, and all plaintiffs and parties in interest represented by the LAW OFFICES OF JOHN BURRIS. Therefore, Claimant submits the following information in support of his/her Claim pursuant to Government Code Section 910:

CLAIMANT'S NAME: Amber Marie Wallisa (decedent Stephen Lee Schenck d.o.b. 8/22/68)

ADDRESS TO WHICH ALL NOTICES ARE TO BE SENT: LAW OFFICES OF JOHN L. BURRIS, Airport Corporate Centre, 7677 Oakport Street, Suite 1120, Oakland, CA 94621

CLAIMANT TELEPHONE NUMBER: C/O LAW OFFICES OF JOHN L. BURRIS, ESQ. (510) 839-5200

PLEASE NOTE: COUNSEL REPRESENTS CLAIMANT AND ALL CONTACT SHOULD BE MADE WITH HIS OR HER ATTORNEY ONLY.

DATE AND TIME OF INCIDENT: January 25, 2016 at 4:00 a.m.
LOCATION OF INCIDENT: 8800 block of 11th Avenue, Hesparia, California

THE FOLLOWING PROVIDES A GENERAL DESCRIPTION OF THE INDEBTEDNESS, OBLIGATION, INJURY, DAMAGES OR LOSS INCURRED SO FAR AS IT MAY BE KNOWN AT THE TIME OF PRESENTATION OF THE CLAIM" AND "THE NAME OR NAMES OF THE PUBLIC EMPLOYEE OR EMPLOYEES CAUSING THE INJURY, DAMAGES, OR LOSS, IF KNOWN: [Per Government Code Section 910]. For the purposes of this claim, "AGENCY" is defined by and refers to the municipal, county, or state entity, which governs Hesperia Police Department and/or the Apple Valley Sheriff's Department.

DESCRIPTION OF INCIDENT:
The incident took place on January 25, 2016 at approximately 4:00 a.m. on the 8800 block of Eleventh Avenue in Hesperia, California. Decedent, Stephen Lee Schenck, arrived at the home of his former father-in law and former business partner where Schenck had been residing for some time prior to the incident.
Schenck was attempting to retrieve goods he believed were stolen from him by his former father-in-law when their business relationship dissolved. Shortly after Schenck's arrival a physical altercation ensued between Decedent Schenck and his father-in-law who attacked the Decedent with a bat. During the struggle, police officers were called to the scene. Upon their arrival, Apple Valley and Hesperia Police Officers discovered that the decedent had vacated the premises.

CONFIDENTIAL DOCUMENT COSB 000403

**LAW OFFICE OF JOHN L. BURRIS**
7677 Oakport Street Suite 1120 Oakland, Ca. 94621 (510)839-5200 www.johnburrislaw.com

Sometime later the Decedent was located hiding under a vehicle. Local authorities allege that Schenck refused to comply with orders to "show his hands." At this time, officers deployed their tasers. Based on information and belief, Decedent was tased in excess of three times before we has dragged out from under the vehicle and beaten by officers resulting in a loss of consciousness and total incapacitation. Officers offered no medical attention nor were any attempts made to revive the decedent. Officers carried the decedent to a nearby patrol car where his body expired.

Later, the Decedent was transported to a local hospital where he was pronounced dead. The Decedent is survived by his 25 year old daughter.

DESCRIPTION OF CLAIM:
Claimant alleges that the conduct of individual employees, agents, and/or servants of AGENCY constitute State statutory violations, which might include but are not limited to wrongful death, assault, battery, false imprisonment, negligence, negligent hiring, and intentional infliction of emotional distress, and negligent infliction of emotional distress.

Claimant alleges those individual employees, agents and/or servants of AGENCY are responsible for Claimant's injuries, and acts and/or omissions committed within the course or scope of employment under the theory of respondeat superior. Respondeat superior liability includes but is not limited to, negligent training, supervision, control and/or discipline.

Individual employees, agents, and/or servants of the AGENCY, include but are not limited to, the chief of police, sheriff, or an individual of comparable title, in charge of law enforcement for AGENCY, and DOES 1-100, and/or each of them, individually and/or while acting in concert with one another.

Claimant alleges the appropriate offenses listed below.

Claimant alleges that wrongful death included but was not limited to, conduct causing claimant to suffer fatal injuries and/or death.

Claimant alleges that assault included, but was not limited to, conduct causing claimant to reasonably fear a harmful offensive touching upon claimant's person.

Claimant alleges that battery included, but was not limited to, conduct resulting in a harmful offensive touching upon claimant's person in a manner foreseeable likely to cause injury.

Claimant alleges that false imprisonment included, but was not limited to, acts or omissions causing claimant to be confined or restricted to an area without means of escape while claimant was aware of the confinement.

Claimant alleges that negligence included, but was not limited to, breach of duty upon failing to exercise due care by placing claimant at risk of serious physical injury.

CONFIDENTIAL DOCUMENT         COSB 000404

**LAW OFFICE OF JOHN L. BURRIS**
7677 Oakport Street Suite 1120 Oakland, Ca. 94621 (510)839-5200 www.johnburrislaw.com

Claimant alleges that negligent hiring included, but was not limited to, breach of duty upon failing to exercise due care by hiring individuals likely to cause physical injury to citizens while acting under color of law in an official capacity.

Claimant alleges that negligent infliction of emotional distress included, but was not limited to, the failure to use reasonable care to avoid causing emotional distress to another individual. The negligent conduct resulted in Claimants' physical injuries.

Claimant alleges that intentional infliction of emotional distress included, but was not limited to, outrageous acts or omissions with the intent to causing emotional distress to another individual. The intentional conduct resulted in Claimants' physical injuries.

Claimant alleges violation of California Civil Code Section 51.7, for acts of violence, or intimidation by threat of violence, committed against Decedent's person because of his race, color, and/or ancestry.

Claimant alleges violation of California Civil Code Section 52.1, for actions by law enforcement personnel, whether or not acting under color of law, which interfere by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state.

Claimants will allege other causes of action subject to continuing discovery.

DESCRIBE INJURY OR DAMAGE:
Claimant has, or may have in the future, claims for general damages, including, but not limited to, claims for pain, suffering and emotional distress in amounts to be determined according to proof.

Claimant may have and/or may continue to have in the future, claims for special damages, including, but not limited to, claims for medical and related expenses, lost wages, damage to career, damage to educational pursuits, damage to property and/or other special damages in amounts to be determined according to proof.

Claimant may have, and/or may continue to have in the future, damages for permanent mental injuries, permanent mental scarring and/or other psychological disabilities in an amount according to proof.

Claimant intends to pursue civil penalties pursuant to Ca. Civil Code Sections 52.1(h), 52(a) & 52 (b).

NAME OF PUBLIC EMPLOYEE(S) BELIEVED TO HAVE CAUSED INJURY OR DAMAGE:
See description of the incident, above.

CONFIDENTIAL DOCUMENT    COSB 000405

**LAW OFFICE OF JOHN L. BURRIS**

7677 Oakport Street Suite 1120 Oakland, Ca. 94621 (510)839-5200 www.johnburrislaw.com

DEMAND FOR PRESERVATION OF EVIDENCE:
Claimant does hereby demand that AGENCY including, but not limited to, the appropriate city or county law enforcement agency, its employees, servants and/or attorneys, maintain and preserve all evidence, documents and tangible materials which relate in any manner whatsoever to the subject matter of this Claim, including until the completion of any and all civil and/or criminal litigation arising from the events which are the subject matter of this Claim. This demand for preservation of evidence includes, but is not limited to, a demand that all public safety entities preserve all tapes, logs and/or other tangible materials of any kind until the completion of any and all civil and criminal litigation arising from the subject matter of this claim.

AMOUNT OF CLAIM:
This claim is in excess of $25,000. Jurisdiction is designated as "unlimited" and jurisdiction would be in the United States District Court and/or Superior Court of the State of California.

DATED: 6/24/2016 4:54 PM

Regards,

DeWitt M. Lacy, Esquire
**THE LAW OFFICES OF JOHN L. BURRIS**

CONFIDENTIAL DOCUMENT                                   COSB 000406

## CERTIFICATE OF SERVICE
*Wallisa v. San Bernadino Co.*

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA:**

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; My business address is 7677 Oakport Street, Suite 1120, Oakland, California 94621. On the date below, I served on the named parties and /or counsel of record:

San Bernardino County
Risk Management Division
222 W. Hospitality Lane, 3rd Floor
San Bernardino, CA 92415-0016

The following documents in the manner checked below: **WALLISA CLAIM FOR DAMAGES**

☒ **(VIA MAIL -- CCP §§ 1013(a), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the U.S. Postal Service and correspondence placed for collection and mailing would be deposited in the U.S. Postal Service at Oakland, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

☐ **(VIA PERSONAL DELIVERY -- CCP §§ 1011, 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand delivered on that day by Russ Taylor, in the ordinary course of my firm's business practice.

☐ **VIA E-MAIL or ELECTRONIC TRANSMISSION -- CCP §§ 1013(e), 2015.5, CRC 2008)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail address(es) or the facsimile number listed above. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached..

☐ **(VIA OVERNIGHT MAIL/COURIER -- CCP §§ 1013(c), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and my correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **June 24, 2016** at Oakland, California.

Angelina Austin

*Wallisa v. San Bernadino Co.*

CONFIDENTIAL DOCUMENT          COSB 000407