Exhibit A

Mildred K. O'Linn (State Bar No. 159055)
  mko@manningllp.com
Tony M. Sain (State Bar No. 251626)
  tms@manningllp.com
Lynn L. Carpenter (State Bar No. 310001)
  llc@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF
SAN BERNARDINO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| AMBER WALLISA, individually and as successor-in-interest to Decedent STEPHEN SCHENCK,, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HESPARIA, a municipal corporation; COUNTY OF SAN BERNARDINO, a municipal corporation; TOWN OF APPLE VALLEY, a municipal corporation; JONATHAN FLORES, individually and his official capacity as a deputy Sheriff for the COUNTY OF SAN BERNARDINO Sheriff's Department; DOES 1-10, inclusive; individually and in their capacities as law enforcement agents and/or personnel for the COUNTY OF SAN BERNARDINO Sheriff's Department; DOES 11-20, inclusive; individually and in their capacities as law enforcement agents and/or personnel for the TOWN OF APPLE VALLEY Police Department; DOES 21-30, inclusive; individually and in their capacities as law enforcement agents and/or personnel for the CITY OF HESPARIA Police Departments. <br><br> Defendants. | Case No. 5:16-cv-02638-FMO-KK <br><br> [Hon. Fernando M. Olguin] <br><br> **SECOND AMENDED NOTICE OF DEPOSITION OF PLAINTIFF'S EXPERT WERNER SPITZ, M.D. WITH REQUEST FOR PRODUCTION OF DOCUMENTS** <br><br> Date: May 22, 2018 <br> Time: 2:00 p.m. EASTERN TIME <br> 11:00 a.m. PACIFIC TIME <br> 1:00 p.m CENTRAL TIME <br> Place: Hanson Renaissance Court Reporters <br> 400 Renaissance Center, Ste 2160, <br> Detroit, MI 48243 <br> 313-567-8100 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

Defendants COUNTY OF SAN BERNARDINO, (hereafter collectively as "Defendants") will take the deposition of plaintiff's designated expert **WERNER SPITZ, M.D.**, commencing at **2:00 p.m. -EASTERN TIME (11:00 a.m. PACIFIC TIME and 1:00 p.m CENTRAL TIME) on May 22, 2018**, at the office of Hanson Renaissance Court Reporters 400 Renaissance Center, Ste 2160, Detroit, MI 48243; 313-567-8100.

NOTICE: Pursuant to Fed. R. Civ. P. 29, defendants will stipulate that, should plaintiffs so choose, **plaintiff's counsel may participate in this deposition telephonically** – so as to avoid the cost/expense and logistical challenges associated with travel to the noticed location of this deposition. Nothing in this notice or otherwise shall be construed as any stipulation that the *witness* may participate in the deposition telephonically: which is not acceptable. Alternatively, where the deposition is noticed at an MKERT office outside of Los Angeles, depending on availability, plaintiff's counsel might also be able to participate in this deposition by large-screen videoconference from our MKERT-LA office. Plaintiff's counsel must notify defendants' counsel no later than seven days before the deposition date if plaintiff's counsel elects to participate by telephone (or, if available, by videoconference).

Pursuant to the Federal Rules of Civil Procedure, Rule 30(b) (2), the deposition will occur both by stenographic means and may also occur by video recording. The deposing party specifically reserves the right to use the videotape at the time of trial.

If such deposition is not completed on the aforementioned date, the taking thereof will be continued from day-to-day thereafter at the same place, Saturdays, Sundays and holidays excepted, until completed – to the extent permitted under the Federal Rules of Civil Procedure and/or all applicable United States District Court, Central District of California Local Rules.

NOTE: If the deponent-witness requires the service of an interpreter, the deponent-witness must advise this office, through the signatory attorney below, no later than five (5) days before the date of set for deposition of both the need for interpreter and the language required.

Pursuant to Rule 30(b)(5), Federal Rules of Civil Procedure, WERNER SPITZ, M.D. shall produce at such deposition the documents in her custody, control or possession. For purposes of this request, the term "documents" shall be construed in the broadest sense to include any writing and any electronically stored data, including, but not limited to, data filed (whether in the form of text, audio or video, and whether embedded or in a form that can be printed) from which information can be obtained, translated, transferred or copied, if necessary, into a reasonable useable form and which data and/or compilations have been created by any software application program. The documents to be produced are identified as follows:

## DEFINITIONS

A. "PERSON(S)" includes any natural person, firm, association, organization, partnership, business, trust, corporation, governmental or public entity or any other form of legal entity.

B. "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored information, and tangible things as described in Rule 34 of the Federal Rules of Civil Procedure, including without limitation all written and graphic matter and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs,

calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

    C.    "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory

storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

D. "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes or seminars.

E. "RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

F. "RESPONDENT AND DEFENDANT" shall mean Respondent and Defendant DEFENDANTS.

G. "WERNER SPITZ, M.D.," "YOU" and "YOUR" shall mean WERNER SPITZ, M.D. and all of her employees and agents, including attorneys, or other PERSONS acting on her behalf.

**DOCUMENTS TO BE PRODUCED**

1. Any and all correspondence, notes, memoranda, files and reports provided to the deponent or any of the deponent's agents, employees, or representatives by plaintiff(s) or any of plaintiff's attorneys, agents, or representatives, including but not limited to all correspondence, memoranda, notes, reports, photographs, videotapes, audio records, computer disks or other writings.

2. Any and all correspondence, notes, memoranda, and reports prepared or received by the deponent or any of the deponent's agents, employees, or representatives as part of the deponent's retention as an expert in this matter,

including but not limited to time records, letters written by counsel for the plaintiff(s) to the deponent, letters written by the deponent to counsel for the plaintiff(s), and any report prepared concerning the deponent's expert opinion.

3. Any and all writings, reports, files, records, audiotapes, videotapes, photographs or other materials reviewed or relied upon by the deponent or any of the deponent's agents, employees, or representatives in the forming any opinion expected to the offered at trial by the deponent.

4. Any and all writings, reports, files, records, audiotapes, videotapes, photographs or other materials reviewed by the deponent in preparation for the deposition.

5. Any and all writings, reports, files, records, audiotapes, videotapes, photographs or other material expected to be referred to by the deponent while testifying at trial or offered into evidence in support of the deponent's testimony at trial.

6. All documents reviewed by the deponent concerning this case.

7. All documents, including but not limited to, correspondence, notes, memoranda, evaluations, appraisals, photographs, reports, computer disks or other writings prepared by the deponent concerning this case and all reference materials not specific to this case that were identified therein.

8. A current resume or curriculum vitae of the deponent, outlining educational institutions attended, professional associations, teaching positions and all other relevant experience.

9. A current bibliography identifying all papers, articles, publications, abstracts, editorials, or other writings authored in whole or in part by the deponent.

10. A list of all lectures, seminars, speaking engagements or presentations given by the deponent concerning the general subject matter of the deponent's expertise and upon which the deponent will be testifying in this case.

11. A list of all legal matters or cases in which the deponent has been

disclosed as an expert witness in the superior and federal courts of California.

12. A list of all legal matters or cases in which the deponent has been qualified as an expert witness in the superior and federal courts of California.

13. A list of all legal matters or cases in which the deponent has testified as an expert witness in the superior and federal courts of California.

14. Copies of all deposition transcripts for depositions given by the deponent in past legal matters or cases in which the deponent was disclosed as an expert witness [defendant will reimburse for reasonable copy expenses].

15. Copies of all transcripts of the deponent's trial testimony in past legal matters or cases in which the deponent was disclosed as an expert witness [defendant will reimburse for reasonable copy expenses].

16. All documents which in any way the deponent referred to or intends to refer to, in order to form opinions which the deponent intends to offer at trial.

17. All documents, including but not limited to, contracts, payment agreements, liens, bills, invoices, ledgers, or payments received for the deponent's work performed in connection with this lawsuit.

18. All documents, notes, correspondence, statements, bills, invoices or other writings which reflect the amount of money billed by the deponent to plaintiff's counsel or any of his attorneys, agents, employees, clients or the plaintiff in legal matters or cases for professional services rendered by the deponent, including, but not limited to, this case.

19. The deponent's entire file relating to this matter.

20. Any and all documents or things identified in the deponent's expert report, including all attachments or exhibits thereto.

21. Any and all documents or records not otherwise produced in response to any of the foregoing demands where the deponent relied upon or referenced such document(s) or record(s) in the formation of any opinion which the deponent intends to offer at the trial of this matter.

DATED: March 21, 2018

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: /s/ Tony Sain

Tony M. Sain
Lynn Carpenter
Attorneys for Defendants, COUNTY OF SAN BERNARDINO

G:\docsdata\MKO\Wallisa, Amber 900-52199\Discovery\Depo Ntc w-RFP for Expert Spitz.003-Amended.05-22-18.docx

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On March 22, 2018, I served true copies of the following document(s) described as **SECOND AMENDED NOTICE OF DEPOSITION OF PLAINTIFF'S EXPERT WERNER SPITZ, M.D. WITH REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

| | |
|---|---|
| Dewitt M. Lacy, Esq.<br>John L. Burris, Esq.<br>K. Chike Odiwe, Esq.<br>Law Offices of John L. Burris<br>Airport Corporate Centre<br>7677 Oakport Street, Suite 1120<br>Oakland, California 94621<br>Tel: 510-839-5200<br>Fax: 510-839-3882<br>dewitt.lacy@johnburrislaw.com;<br>john.burris@johnburrislaw.com<br>chike.odiwe@johnburrislaw.com | Attorneys for Plaintiff, Amber Wallisa, individually and as successor-in-interest to Decedent Stephen Schenck |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address itc@manningllp.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted at or before 5:00 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 22, 2018, at Los Angeles, California.

Irma Castellanos

Case No. 5:16-cv-02638-FMO-KK