# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

AMBER WALLISA,

        Plaintiff,

    v.

CITY OF HESPARIA, <u>et al.</u>,

        Defendant.

Case No. ED CV 16-2638 FMO (KKx)

**ORDER RE: FURTHER PROCEEDINGS**

    Having reviewed the parties' pretrial filings and in light of the Court's Order of March 20, 2019, IT IS ORDERED THAT:

    1. The parties shall revise and re-file their pretrial documents in accordance with the requirements set forth below. Note that this order may set forth some different and some additional requirements than those contained in the Local Rules.[1] Failure to comply with these requirements may result in the imposition of sanctions and/or the dismissal of this action for lack of prosecution.

    2. <u>Pretrial Conference Order</u>: The format of the proposed final Pretrial Conference Order ("PTCO") shall conform to the format set forth in Appendix A of the Local Rules. The section numbers should correspond to the section numbers in that Appendix. The parties will remove any redundant or extraneous material, including any objections that have already been preserved for

---

[1] To the extent that there is any conflict between this order and what was said on the bench during the pretrial conference, this order controls.

appeal and make any other appropriate updates throughout the document to reflect the court's rulings and/or agreements by the parties. The parties shall further revise the pre-trial conference order as follows:

      A. In the section regarding stipulated facts – which should be section 5 of the PTCO – the parties shall attempt to agree on and set forth as many uncontested facts and stipulated facts as possible. One single uncontested fact and four stipulated facts is insufficient. The court will usually read the undisputed facts to the jury at the start of trial. A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase the jury's understanding of the case.

      Plaintiff shall provide at least seventy-five (75) proposed stipulated facts to defendant, via e-mail, by no later than **noon** on **March 27, 2019**. Defendant shall provide and explain any objections to the proposed stipulated facts to plaintiff, via e-mail, by no later than **April 1, 2019**, at **noon.**

      B. In the section regarding operative claims and defenses – which should be section 7 in the revised order – plaintiff shall list either the Ninth Circuit pattern jury instruction or the case that sets out the elements of the claim. The parties shall revise this section so that each claim is immediately followed by the elements of that claim and the evidence establishing the elements. Defendant shall set forth its affirmative defenses in the same format as plaintiff. Under each affirmative defense,[2] defendant shall list either the pattern jury instruction or the case that sets out the elements of the affirmative defense. For each affirmative defense that is not enumerated in Rule 8(c) of the Federal Rules of Civil Procedure, defendant shall provide authority (with a pincite and quote in a parenthetical for case authority) establishing that the defense constitutes an affirmative defense within the meaning of Rule 8 of the Federal Rules of Civil Procedure. In the absence of any supporting authority, the defense shall be omitted. Defendant must also

---

    [2] Affirmative defenses are "those matters on which the Defendant bears the burden of proof. They are matters which would defeat Plaintiff's claim even if Plaintiff established the elements of the claim." Local Rules, Appendix A.

list and cite to the page number of the operative pleading where the affirmative defense was asserted.  This section may not contain any legal argument or rhetorical statements.

   C.  In the section regarding Witness Lists – which should be section 11 in the PTCO – the parties shall list the depositions that will be lodged with the court.

   D.  In the section regarding Law and Motion Matters – which should be section 12 in the revised order – motions in limine numbers 2, 3, 4, and 5, and plaintiff's motion in limine 1 should be omitted.  These were not motions in limine, but stipulations by the parties to exclude certain categories of evidence.  The parties should remove any reference to motion in limine number 5 and bifurcation, given that the court did not grant this portion of the parties' stipulation.  All that should remain in this section are the two motions in limine currently pending.

   E.  In the section regarding trial bifurcation – which should be section 13 in the revised order – the parties will need to revise the reference to trial bifurcation to state "none," given that the court did not grant the parties' request to bifurcate the trial.

  3. <u>Pretrial Exhibit Stipulation</u>:  To the extent possible, the parties shall revise the Pretrial Stipulation to comport with the court's rulings with respect to the Motions in Limine and Motion for Summary Judgment.  At a minimum, the parties shall revise and narrow the Pretrial Exhibit Stipulation to include **only those exhibits that the parties intend to introduce into evidence**.  The Pretrial Exhibit Stipulation contains far too many exhibits, and the parties will not be allowed to enter that many exhibits during trial. The parties shall stipulate to the authenticity and foundation of exhibits whenever possible, and the Pretrial Exhibit Stipulation shall identify any exhibits to which authenticity or foundation have not been stipulated and the specific reasons for the parties' failure to stipulate.  **Do not submit blanket or boilerplate objections to the opposing party's exhibits.**  Each objection must include the grounds for the objection (<u>e.g.</u>, a Federal Rule of Evidence) and an explanation of why the disputed exhibit is not admissible.  Objections that merely set forth a rule of evidence without explanation, <u>e.g.</u>, "Hearsay, 403," will be overruled.  All withdrawn exhibits shall be removed from the document.  Exhibits that were not included as

part of the initial Pretrial Exhibit Stipulation or the Motions in Limine will not be allowed in the revised pretrial exhibit stipulation.

       4.  <u>Jury Instructions</u>:  The parties shall revise the jury instructions to omit any redundant instructions, as well as any instructions that have now become irrelevant given the court's ruling on the Motion for Summary Judgment.

Counsel shall submit both general and substantive jury instructions in the form described below.  Counsel must provide the documents described below in WordPerfect (the court's preference) or Word format.  The parties should use the most recent version of the Ninth Circuit's <u>Manual of Model Civil Jury Instructions</u>, which is available on the Ninth Circuit's website,[3] for all applicable jury instructions.  If there is no applicable Ninth Circuit model jury instruction, the parties should consult the current edition of O'Malley, <u>et</u> <u>al.</u>, <u>Federal Jury Practice and Instructions</u>.  If neither the Ninth Circuit nor O'Malley provides an applicable jury instruction, the parties should consult the model jury instructions published by other Circuit Courts of Appeal.  Where California law applies, counsel should use the current edition of the <u>Judicial Council of California Civil Jury Instructions</u> ("CACI"), which is available on the California Judicial Branch website.[4]  **The parties shall not modify or supplement a model instruction's statement of applicable law** unless absolutely necessary and strongly supported by controlling case law or other persuasive authority.  Each requested instruction shall: (a) cite the authority or source of the instruction; (b) be set forth in full; (c) be on a separate page; (d) be numbered; (e) cover only one subject or principle of law; and (f) not repeat principles of law contained in any other requested instruction.

The proposed jury instructions shall be submitted as follows:

       A.  <u>Joint Jury Instructions</u>: Counsel shall file a **joint set of jury instructions** on which the parties agree.  Model jury instructions should be modified as necessary to fit the facts of the case, <u>i.e.</u>, inserting names of defendant(s) or witness(es) to whom an instruction applies.  Where language appears in brackets in the model instruction, counsel

---

[3] http://www3.ce9.uscourts.gov/jury-instructions/model-civil.

[4] http://www.courts.ca.gov/partners/317.htm/civiljuryinstructions/.

shall select the appropriate text and eliminate the inapplicable bracketed text. The court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.

      B. <u>Disputed Jury Instructions</u>: Counsel shall file a separate **joint set of disputed jury instructions** propounded by one party to which another party objects. On a separate page following each disputed jury instruction, the party opposing the instruction shall briefly state the basis for the objection, any authority in support thereof and, if applicable, an alternative instruction. On the following page, the party proposing the disputed instruction shall briefly state its response to the objection, and any authority in support of the instruction. Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

      C. For both the Joint Jury Instructions and Disputed Jury Instructions, counsel must provide an index of all instructions submitted, which must include the following:

        a. the number of the instruction;

        b. the title of the instruction;

        c. the source of the instruction and any relevant case citations; and

        d. the page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

    5. The parties may not file any additional motions <u>in limine</u>. These court's determinations regarding the previously filed Motions in Limine shall, if appropriate, be reflected in the parties revised pretrial filings.

    6. No later than **noon** on **Monday, April 1, 2019,** the parties shall file (and deliver to the court's mandatory chambers box) the following documents, each captioned as "First Amended": (a) [Proposed] Final Pretrial Conference Order; (b) Pretrial Exhibit Stipulation; (c) Joint Undisputed Jury Instructions and, if necessary, Joint Disputed Jury instructions. Failure to file timely these

pretrial documents may result in the imposition of sanctions. Revised witness lists are not required or allowed. However, any witness that was not included in the parties' initial witness lists will not be allowed to testify.

7. The parties shall email the documents referenced in paragraph 6 to the court's chambers email box (fmo_chambers@cacd.uscourts.gov) in Word or Word Perfect format.

8. The pretrial conference is continued from Friday, April 5, 2019, at 10:00 a.m. to **Monday, April 8, 2019, at 2:00 p.m.** in Courtroom 6D of the First Street Courthouse.

9. Failure to comply with this Order or the requirements of the court's previous orders may result in the imposition of sanctions.

Dated this 25th day of March, 2019.

/s/
Fernando M. Olguin
United States District Judge